| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>*Caption in Compliance with D.N.J. LBR 9004-1(b)*<br><br>**FOX ROTHSCHILD LLP**<br>49 Market Street<br>Morristown, NJ 07960<br>Joseph J. DiPasquale, Esq<br>Michael R. Herz, Esq.<br>Agostino A. Zammiello, Esq.<br>jdipasquale@foxrothschild.com<br>mherz@foxrothschild.com<br>azammiello@foxrothschild.com<br>Telephone: (609) 348-4515<br>Facsimile: (609) 348-6834<br><br>*Counsel to the Aluminum Shapes Liquidating Trust* | |
| In Re:<br><br>ALUMINUM SHAPES, L.L.C.,<br><br>        Debtor. | Chapter 11<br><br>Case No. 21-16520-JNP<br><br>Hon. Jerrold N. Poslusny, Jr. |
| Advisory Trust Group, LLC, Liquidating Trustee for Aluminum Shapes, L.L.C.,<br><br>        Plaintiff,<br><br>v.<br><br>American Express Company,<br><br>        Defendants. | Adv. Pro. No. 23-_____-SLM |

**COMPLAINT TO AVOID AND RECOVER PRE-PETITION TRANSFERS**

Advisory Trust Group, LLC, the liquidating trustee (the "<u>Liquidating Trustee</u>" or the

"Plaintiff") for Aluminum Shapes, L.L.C. (the "Debtor"), the debtor in the above-captioned chapter 11 case, by and through its counsel, Fox Rothschild LLP, brings this Complaint (the "Complaint") against American Express Company (the "Defendant"), to avoid and recover pre-petition transfers and to disallow any claims held by the Defendant.  In support of this Complaint, Plaintiff alleges upon information and belief that:

## JURISDICTION AND VENUE

1. This adversary proceeding arises under 11 U.S.C. §§ 502(d), 544, 548, and 550, Rule 7001 of the Federal Rules of Bankruptcy Procedure, and N.J.S.A. 25:2-25, 25:2-27, and 25:2-29.

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b).

3. This adversary proceeding is a core proceeding as that term is defined in 28 U.S.C. §§ 157(b)(2).

4. Venue is proper in this District pursuant to 28 U.S.C. § 1409(a).

## PARTIES

5. On August 15, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq* (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Court").

6. The Liquidating Trustee serves as the trustee for the liquidation trust created in the Debtor's chapter 11 bankruptcy case.

7. The Liquidating Trustee maintains a business address of 10645 N. Oracle Road, Suite 121-371, Oro Valley, AZ 85737.

2

8. Upon information and belief, the Defendant is a large financial institutional that provides credit card, banking, and other financial services throughout the United States and internationally, and maintains its headquarters at 200 Vesey Street, New York, NY 10285. Upon information and belief, the registered agent for the Defendant in New Jersey is CT Corporation System, 820 Bear Tavern Road, West Trenton, New Jersey 08628.

### FACTS AND ALLEGATIONS COMMON TO ALL COUNTS

9. Plaintiff repeats each and every allegation previously set forth in this Complaint as if fully set forth herein.

10. At all relevant times, the Debtor was an aluminum processor based in Delair, New Jersey. According to the Debtor's first day filings, the Debtor is an industry leader in the fabrication, processing, and extruding of aluminum metals for use in, *inter alia*, the swimming pool, trucking, trailer, and outdoor storage industries (the "Business"). See First Day Declaration of Jordan Meyers in Support of First Day Motions. (Bkr. D.I. #17).

11. On August 11, 2022, the Court entered *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis, and (II) Confirming the Official Committee of Unsecured Creditors' Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 619] (the "Confirmation Order") which approved on a final basis the *Disclosure Statement of the Official Committee of Unsecured Creditors for the Plan of Liquidation of the Official Committee of Unsecured Creditors Dated May 6, 2022* (as further modified, revised, supplemented and amended) [Docket No. 512]; and confirmed *The Official Committee of Unsecured Creditors' Plan of Liquidation* [Docket No. 511] (as further modified, supplemented and amended including all attachments and exhibits thereto, the "Plan").

12. The Plan and Confirmation Order created a liquidating trust on behalf of, and for

3

the benefit of, the Liquidating Trust Beneficiaries (defined as Holders of Allowed Claims and Holders of Allowed Equity Interests), and appointed Advisory Trust Group, LLC as the Liquidating Trustee.

13. Pursuant to the *Notice of (A) Entry of the Order (I) Approving the Disclosure Statement on a Final Basis, and (II) Confirming the Official Committee of Unsecured Creditors' Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code; (B) The Effective Date Thereof; and (C) Certain Deadlines* filed on August 24, 2022 [Docket No. 635], the effective date of the Plan was August 24, 2022.

14. Pursuant to section 3.2.1 of the Plan, among the Liquidating Trustee's powers is the power to "pursue Causes of Action assigned and transferred to the Liquidating Trust" including avoidance claims under chapter 5 of the Bankruptcy Code.

15. As of the date hereof, approximately $10,950,000 million in general unsecured claims have been filed in the Debtor's bankruptcy case that have not been withdrawn or disallowed. The Claims Register provides that there are approximately 71 claims filed against the Debtor, totaling $17,883,647.66, which is inclusive of secured claims, priority claims, administrative claims, and general unsecured claims.

16. During the four (4) years prior to the Petition Date, the Debtor made or caused to be made transfers totaling approximately $719,005.76 (the "Total Transfers") to the Defendant from bank accounts belonging to the Debtor as more particularly set forth in **Exhibit A** hereto.

17. Upon information and belief, the Total Transfers constituted payments for charges or purchase for the personal benefit of Solomon Rosenthal, Robert Otterbein, and/or other insiders of the Debtor, or otherwise were not related to charges or purchases related to the Debtor's business operations or for any benefits received by the Debtor.

18. Given that the Total Transfers were made for the personal benefit of Solomon Rosenthal, Robert Otterbein, and/or other insiders of the Debtor, and/or were for credit card charges incurred for the benefit of non-debtor parties, the Debtor did not receive any benefit from the Total Transfers.

19. Prior to filing this Complaint, the Liquidating Trustee conducted reasonable due diligence in the circumstances of the case, including, but not limited to, sending the Defendant the above-referenced demand letters, and took into account the Defendant's known or reasonably knowable affirmative defenses in accordance with §547(b) of the Bankruptcy Code.

**COUNT ONE**
**(Avoidance and Recovery of Prepetition Transfers**
**Pursuant to 11 U.S.C. §§ 548(a)(1)(A) and 550(a))**

20. Plaintiff repeats each and every allegation previously set forth in this Complaint as if fully set forth herein.

21. Approximately $578,787.63 (the "2 Year Transfers") of the Total Transfers was transferred by the Debtor to the Defendant during the two (2) years prior to the Petition Date, as more particularly set forth in **Exhibit B**.

22. At all relevant times, the Debtor had an interest in and authority over the bank accounts, and thus had an interest in the funds comprising each of the Total Transfers, including each of 2 Year Transfers.

23. The Debtor did not receive any benefit in consideration for the 2 Year Transfers given that they were incurred for the personal benefit of Solomon Rosenthal, Robert Otterbein, and/or insiders of the Debtor, at the expense of paying the Debtor's creditors.

24. The Debtor did not receive any benefit in consideration for the 2 Year Transfers.

25. Based on the foregoing, the 2 Year Transfers were made with actual intent to

hinder, delay, or defraud creditors of the Debtor.

26. The Defendant was the initial transferee of the 2 Year Transfers or the immediate or mediate transferee of such initial transferee(s), or the entity for whose benefits the 2 Year Transfers were made.

WHEREFORE, Plaintiff demands judgment against the Defendant as follows:

A. Avoiding each of the 2 Year Transfers in the amount of $578,787.63 pursuant to 11 U.S.C. § 548(a)(1)(A);

B. Recovery of the monetary value of the 2 Year Transfers in the amount of $578,787.63, plus interest pursuant to 11 U.S.C. § 550(a);

C. Awarding attorneys' fees and costs; and

D. For such other and further relief as the Court deems just and proper.

## COUNT TWO
### (Avoidance and Recovery of Prepetition Transfers Pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550(a))

27. Plaintiff repeats each and every allegation previously set forth in this Complaint as if fully set forth herein.

28. Given that the 2 Year Transfers were on account of credit card charges incurred for the personal benefit of Solomon Rosenthal, Robert Otterbein, and/or insiders of the Debtor, and were not made on account of any benefits received by the Debtor, the Debtor received less than reasonably equivalent value in exchange for the 2 Year Transfers.

29. At the time of each of the 2 Year Transfers, (i) the Debtor was insolvent or became insolvent as a result of the transfers; (ii) the Debtor was engaged or was about to engage in businesses or transactions for which any property remaining with the Debtor was an unreasonably small capital; (iii) the Debtor intended to incur, or believed that it would incur, debts that would be beyond the Debtor's ability to pay as such debts mature; and/or (iv) the Debtor made each of

6

the transfers to or for the benefit of an insider, namely Solomon Rosenthal, Robert Otterbein, and/or insiders of the Debtor

30. The Defendant was the initial transferee of the 2 Year Transfers or the immediate or mediate transferee of such initial transferee(s), or the entity for whose benefits the 2 Year Transfers were made.

WHEREFORE, Plaintiff demands judgment against the Defendant as follows:

A. Avoiding each of the 2 Year Transfers in the amount of $578,787.63 pursuant to 11 U.S.C. § 548(a)(1)(B);

B. Recovery of the monetary value of the 2 Year Transfers in the amount of $578,787.63, plus interest pursuant to 11 U.S.C. § 550(a);

C. Awarding attorneys' fees and costs; and

D. For such other and further relief as the Court deems just and proper.

## COUNT THREE
### (Avoidance and Recovery of Prepetition Transfers Pursuant to 11 U.S.C. § 544 and N.J.S.A 25:2-25(a))

31. Plaintiff repeats each and every allegation previously set forth in this Complaint as if fully set forth herein.

32. The Total Transfers were on account of credit card charges incurred for the personal benefit of Solomon Rosenthal, Robert Otterbein, and/or insiders of the Debtor, and therefore were not made on account of any benefits received by the Debtor, and were made at the expense of paying the Debtor's creditors.

33. The Debtor did not receive any benefit in consideration for the Total Transfers.

34. Based on the foregoing, the Total Transfers were made with actual intent to hinder, delay, or defraud creditors of the Debtor.

35. The Defendant was the initial transferee of the Total Transfers or the immediate or

mediate transferee of such initial transferee(s), or the entity for whose benefits the Total Transfers were made.

WHEREFORE, Plaintiff demands judgment against the Defendant as follows:

A. Avoiding each of the Total Transfers in the amount of $719,005.76 pursuant to 11 U.S.C. § 544 and N.J.S.A. 25:2-25(a) and 25:2-29.

B. Recovery of the monetary value of the Total Transfers in the amount of $719,005.76, plus interest pursuant to 11 U.S.C. § 550(a);

C. Awarding attorneys' fees and costs; and

D. For such other and further relief as the Court deems just and proper.

### COUNT FOUR
### (Avoidance and Recovery of Prepetition Transfers
### Pursuant to 11 U.S.C. § 544 and N.J.S.A 25:2-25(b))

36. Plaintiff repeats each and every allegation previously set forth in this Complaint as if fully set forth herein.

37. Given that the Total Transfers were on account of credit card charges incurred for the personal benefit of Solomon Rosenthal, Robert Otterbein, and/or insiders of the Debtor, and were not made on account of any benefits received by the Debtor, the therefore the Debtor received less than reasonably equivalent value in exchange for the Total Transfers.

38. At the time of each of the Total Transfers, the Debtor (i) was engaged or was about to engage in a business or transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction; and/or (ii) intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

39. The Defendant was the initial transferee of the Total Transfers or the immediate or mediate transferee of such initial transferee(s), or the entity for whose benefits the Total Year

Transfers were made.

WHEREFORE, Plaintiff demands judgment against the Defendant as follows:

A. Avoiding each of the Total Transfers in the amount of $719,005.76 pursuant to 11 U.S.C. § 544 and N.J.S.A. 25:2-25(b) and 25:2-29.

B. Recovery of the monetary value of the Total Transfers in the amount of $719,005.76, plus interest pursuant to 11 U.S.C. § 550(a);

C. Awarding attorneys' fees and costs; and

D. For such other and further relief as the Court deems just and proper.

**COUNT FIVE**
**(Avoidance and Recovery of Prepetition Transfers**
**Pursuant to 11 U.S.C. § 544 and N.J.S.A 25:2-27(a) and (b))**

40. Plaintiff repeats each and every allegation previously set forth in this Complaint as if fully set forth herein.

41. As set forth above, because the Total Transfers were on account of credit card charges incurred for the personal benefit of Solomon Rosenthal, Robert Otterbein, and/or insiders of the Debtor, and were not made on account of any benefits received by the Debtor, the Debtor did not receive reasonably equivalent value in exchange for the Total Transfers.

42. The Debtor was insolvent or became insolvent as a result of the Total Transfers and/or the Total Transfers were made on account of an antecedent debt owed by Solomon Rosenthal, Robert Otterbein, and/or insiders of the Debtor, while the Debtor was insolvent, for which Solomon Rosenthal and Robert Otterbein, had reasonable cause to believe that the Debtor was insolvent.

43. The Defendant was the initial transferee of the Total Transfers or the immediate or mediate transferee of such initial transferee(s), or the entity for whose benefits the Total Year Transfers were made.

9

WHEREFORE, Plaintiff demands judgment against the Defendant as follows:

A. Avoiding each of the Total Transfers in the amount of $719,005.76 pursuant to 11 U.S.C. § 544 and N.J.S.A. 25:2-27(a) and/or (b) and 25:2-29.

B. Recovery of the monetary value of the Total Transfers in the amount of $719,005.76, plus interest pursuant to 11 U.S.C. § 550(a);

C. Awarding attorneys' fees and costs; and

D. For such other and further relief as the Court deems just and proper.

## COUNT SIX
### (Disallowance of Claims Pursuant to 11 U.S.C. § 502(d))

44. Plaintiff repeats each and every allegation previously set forth in this Complaint as if fully set forth herein.

45. In the event that the Defendant is adjudged to be liable for the any of the Total Transfers referenced herein or any portion thereof, any claims held by the Defendant against the Debtor's estate must be disallowed unless and until said Defendant pays the amount of its liability to the estate.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A. Disallowing any claims held by Defendant against the Debtor's estate to the extent that the Defendant is adjudged to be liable for any transfer of the Debtor's property as sought herein;

B. Awarding attorneys' fees and costs; and

C. For such further and other relief as the Court deems just and equitable.

FOX ROTHSCHILD LLP

*Attorneys for Aluminum Shapes Liquidating Trust*

By: */s/ Michael R. Herz*
Michael R. Herz
Agostino A. Zammiello

Dated: August 14, 2023
148363066.1

10